SHAHEN HAIRAPETIAN, STATE BAR #112492
1145 South Fair Oaks Avenue
Pasadena, California 91105
Telephone: (626) 281-8199
Facsimile: (626) 281-8199
Email: hh_remote@mail.com

AND

Armen Hairapetian, STATE BAR #125031
HAIRAPETIAN & HAIRAPETIAN
140 South Lake Avenue, Suite 274
Pasadena, California 91101
Telephone: (626) 441-7976
Facsimile: (626) 441-6419
Email: armen@hairapetianlaw.com

Attorneys for Plaintiff,
ATV, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ATV, INC., a California corporation, ) | Case No. _____ |
|         Plaintiff, ) | |
| ) | COMPLAINT FOR |
| ) | TRADEMARK INFRINGEMENT; |
| vs. ) | UNFAIR COMPETITION; AND, |
| ) | FALSE DESCRIPTION |
| ) | |
| ) | |
| Amila Perakum Hewageegana, an ) | |
| individual; American Tire Bay, a ) | |
| California business, form unknown; ) | |
| and Does 1-10, ) | |
| ) | |
|         Defendants. ) | |
| _____ ) | |

Plaintiff, ATV, INC., a California corporation ("Plaintiff"), by their attorneys,

1  as and for its complaint against Defendants, Amila Perakum Hewageegana, an

2  individual; American Tire Bay, a California business, form unknown; and Does 1-10

3  (individually a "Defendant", and collectively the "Defendants"), alleges as follows:

4

5  **I. JURISDICTION AND VENUE**

6  1.    This is a complaint for Trademark Infringement and Unfair Competition

7  arising under §§ 32 and 43 of the Lanham Act, and 15 U.S.C. §§ 1114(1) (Trademark

8  Infringement) and 1125(a) (Unfair Competition and False Description).

9  2.    This Court has original subject matter jurisdiction over this action

10  pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

11  3.    This Court has personal jurisdiction over the Defendants because

12  Defendants maintain their principal place of business in the State of California.

13  4.    Venue is proper in this district under 28 U.S.C. § 1391(a) in that all of

14  the Defendants are subject to personal jurisdiction in this District at the time the

15  action is commenced, and under 28 U.S.C. § 1391(b) and (c) because a substantial

16  part of the events or omissions giving rise to the claims occurred in this District, a

17  substantial part of the property that is the subject of this action is situated in this

18  District, and the Defendants maintain their principal place of business in this District.

19

20  **II. THE PARTIES**

21  5.    Plaintiff ATV, INC., a California corporation (the "Plaintiff"), is and at

22  all times mentioned in this complaint was a corporation organized and existing under

23  the laws of the State of California, having a principal place of business at 14407

24  Alondra Boulevard, La Mirada, California 90638.

25  6.    Defendant Amila Perakum Hewageegana, an individual, is and at all

26  times mentioned in this complaint was an individual residing in the State of

27  California and having a principal place of business at 16650 Harbor Boulevard, Unit

28  C8, Fountain Valley, California 92708.

*ATV, INC., v. Hewageegana, et al*
*Complaint*

7.     Upon information and belief, Defendant "American Tire Bay" is, and at all times mentioned in this complaint was a California business, form unknown, organized and existing under the laws of the State of California, having a principal place of business at 16650 Harbor Boulevard, Unit C8, Fountain Valley, California 92708.

8.     Plaintiff is unaware of the true names and capacities of defendants sued in this complaint as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will amend this complain to allege their true names and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and Plaintiff's injuries as alleged in this complaint were proximately caused by those defendants.

### III. FACTUAL BACKGROUND

9.     On or about January 30, 2006, Plaintiff registered the trademark "AMERICAN TIRE DEPOT", and since August 30, 2014, Plaintiff has been operating a tire sales and service business at a shopping center commonly known as 16650 Harbor Boulevard, Fountain Valley, California 92708 (the "Premises"). Plaintiff's business includes, but is not limited to, sales and installation of new tires on motor vehicles, repairing tires, servicing motor vehicles, and related sales and activities. Plaintiff advertises and markets its business extensively under the "AMERICAN TIRE DEPOT" name, both in print and other media, and has done so for many years, and for Plaintiff's many store locations.

10.     In or about February 2016, approximately ten years after Plaintiff registered the trademark "AMERICAN TIRE DEPOT", defendants began operating a tire sales and service business under the name "American Tire Bay" at the Premises. Defendants' business under the "American Tire Bay" name also includes, but is not limited to, sales and installation of new tires on motor vehicles, repairing tires,

*ATV, INC., v. Hewageegana, et al*
*Complaint*

1 servicing motor vehicles, and related sales and activities. Defendants' "American Tire

2 Bay" business is located approximately only one hundred fifty (150) feet from

3 Plaintiff's "AMERICAN TIRE DEPOT" business and in the same center.

4       11.    Despite Plaintiff's written demand on or about April 15, 2016, that

5 defendants cease and desist using "American Tire Bay" or any other tradename

6 confusingly similar to "AMERICAN TIRE DEPOT", defendants have continued

7 using the name "American Tire Bay" in operating their tire sales and service business

8 at the Premises.

9       12.    Defendants' wrongful use of Plaintiff's mark is likely to cause

10 confusion, mistake, or deception in the minds of the public, particularly given the

11 geographic proximity to Plaintiff's business.

12       13.    Defendants' infringement constitutes a willful and malicious violation of

13 Plaintiff's trademark rights, aimed at preventing Plaintiff from continuing to build a

14 business around a mark that it has long possessed and over which its rights cannot be

15 contested as a matter of law.

16

17                                **FIRST CLAIM**

18          **TRADEMARK INFRINGEMENT UNDER LANHAM ACT §32**

19       14.    Plaintiff realleges paragraphs 1 through 13.

20       15.    Defendants' wrongful use of the mark "American Tire Bay" is an

21 infringement of Plaintiff's registered trademark "AMERICAN TIRE DEPOT" and is

22 likely to cause confusion, mistake, and deception of the public as to the identity and

23 origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no

24 adequate remedy at law.

25       16.    By reason of the foregoing acts, Defendants are liable to Plaintiff for

26 Trademark Infringement under 15 U.S.C. § 1114.

27

28

*ATV, INC., v. Hewageegana, et al*
*Complaint*

1

2  **SECOND CLAIM**

3  **UNFAIR COMPETITION UNDER LANHAM ACT § 43**

4      17.    Plaintiff realleges paragraphs 1 through 16.

5      18.    Defendants' use of Plaintiff's mark to promote, market, or sell its

6  products or services in direct competition with Plaintiff's products and services,

7  especially at the Premises, constitutes Unfair Competition pursuant to 15 U.S.C. §

8  1125(a). Defendants' use of Plaintiff's mark is likely to cause confusion, mistake, and

9  deception among consumers. Defendants' unfair competition has caused and will

10  continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for

11  which there is no adequate remedy at law.

12

13  **THIRD CLAIM**

14  **FALSE DESCRIPTION**

15      19.    Plaintiff realleges paragraphs 1 through 18.

16      20.    Defendants' wrongful use of "American Tire Bay" is so likely to cause

17  confusion, or to cause mistake, or to deceive as to the affiliation, connection, or

18  association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval

19  of Defendants' goods, services, or commercial activities by Plaintiff,

20      21.    Plaintiff alleges that Defendants' use of the mark "American Tire Bay" is

21  a false description or representation of Defendants' business or products under 15

22  U.S.C. § 1125(a) and § 43(a) of the Lanham Act.

23

24

25

26

27  ///

28  ///

*ATV, INC., v. Hewageegana, et al*
*Complaint*

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and

2  each of them, as follows:

3    1.    Defendants, Amila Perakum Hewageegana, an individual, and American

4  Tire Bay, a California business, form unknown, and their agents, officers, employees,

5  representatives, successors, assigns, attorneys, and all other persons acting for, with,

6  by, through, or under authority from Defendants, and each of them, be preliminarily

7  and permanently enjoined from:

8         (a)    using the mark "American Tire Bay"; and,

9         (b)    using any trademark that imitates or is confusingly similar to or in

10         any way similar to Plaintiff's trademark "AMERICAN TIRE DEPOT", or that

11         is likely to cause confusion, mistake, deception, or public misunderstanding as

12         to the origin of Plaintiff's products or their connection to Defendants.

13    2.    Defendants being required to file with the Court and serve on Plaintiff

14  within thirty (30) days after entry of the injunction, an affirmation under oath stating

15  the manner and form in which Defendants have complied with the injunction.

16    3.    Defendants, pursuant to 15 U.S.C. § 1117, being held liable for all

17  damages suffered by Plaintiff resulting from the acts alleged in this complaint.

18    4.    Defendants, pursuant to 15 U.S.C. § 1117, being compelled to account to

19  Plaintiff to account to Plaintiff for any and all profits derived by Defendants from its

20  acts alleged in this complaint.

21    5.    Defendants, pursuant to 15 U.S.C. § 1118 to deliver for destruction all

22  labels, signs, packaging, stationery, promotional material, advertising, or similar

23  items in possession, custody, or under the control of Defendants bearing a trademark

24  found to infringe on Plaintiff's trademark rights.

25    6.    For damages not less than $100,000, and to the extent permitted by law.

26    7.    For a determination by the Court that this is an exceptional case and

27  award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

28  1117.

*ATV, INC., v. Hewageegana, et al*
*Complaint*

1      8.     For any other remedy to which the Court determines Plaintiff is entitled

2  as provided for in 15 U.S.C. §§ 1116 and 1117.

3      9.     For such other and further relief as the Court deems just and proper.

4

5                                        HAIRAPETIAN & HAIRAPETIAN

6

7      Dated: August ____, 2016          By: _____
                                               Armen Hairapetian,
8                                              Attorney for ATV, INC., a
                                               California corporation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*ATV, INC., v. Hewageegana, et al*
*Complaint*